THRELKELD (CLARKE v.). See Case No. 2,865.

THRELKELD (WILLIAMS v.). See Case No. 17,741.

THROCKMORTON (UNITED STATES v.). See Case No. 16,516.

THROGMORTON (STOCKTON v.). See Case No. 13,463.

## Case No. 14,013.

### THRUSTON v. MUSTIN.

[3 Cranch, C. C. 335.] [1]

Circuit Court, District of Columbia. Oct., 1828.

WASTE — CUTTING WOOD — EQUITY — DISCOVERY — STATUTE OF GLOUCESTER.

1. A tenant for 99 years, renewable forever, with leave to purchase the reversion at a stipulated price, is liable to be restrained by injunction from cutting and selling young and green wood, where the wood constitutes the principal value of the land.

2. The statute of Gloucester, which gives the forfeiture of the thing wasted, and treble damages, is in force in the county of Washington, D. C., and the defendant in equity is not bound to discover the waste, unless the plaintiff in his bill expressly waives the forfeiture and penalty.

Bill in equity to stay waste, filed 15th December, 1827.

The bill states that the plaintiff [Buckner Thruston], on the 3d of November, 1825, demised to the defendant [Thomas Mustin] a farm called "Pleasant Hills," in Washington county, for 99 years, renewable forever, at $200 per annum, with the privilege in the defendant to purchase the fee-simple at $40 per acre. That the defendant took possession

[1] [Reported by Hon. William Cranch, Chief Judge.]

on the 10th of January, 1826, and continues to reside thereon, "and has committed great waste on the said farm in cutting down the young and green wood thereon, and is now cutting down the same, and selling it in Georgetown;" "that the principal, or a material part of the value of the said farm consists in the wood, (the land being poor and unproductive,) as well for fencing and fuel as for ornament." That in leasing the land to the defendant, the plaintiff, from the apparent circumstances and ostensible property of the defendant, trusted in his ability and integrity to comply with the contract; but has since heard that the defendant is embarrassed in his circumstances; and the plaintiff "is in imminent danger of great loss by reason of the said waste," against which he has no security. That the plaintiff believes the defendant to be unable to purchase the fee-simple, and never intended to do so if able, and that his embarrassment existed at the time of the contract, "and was therefore guilty of a fraud towards the plaintiff, as well as by concealing the state of his affairs." The bill prays for an injunction prohibiting the defendant "from cutting and selling the said wood, and from committing any other unreasonable waste on the said farm by cutting of wood or otherwise," and for general relief. To this bill the defendant demurs, because the plaintiff has not by his bill made such a case as entitles him in a court of equity to any discovery or relief. And as to so much of the bill as seeks a discovery of the cutting and selling the young and green wood on the said farm, the defendant demurs, because if the estate of the defendant is not such as to entitle him to cut and sell the wood, the defendant may be made liable at law to a forfeiture which the plaintiff has not offered to waive. And as to so much of the bill as seeks a discovery of the defendant's intention and ability to purchase the fee-simple, and his pecuniary circumstances, &c. the defendant demurs, because such discovery would be impertinent, and would not entitle the plaintiff to any relief. And as to the charge of cutting and waste, and the discovery thereof, he demurs because the waste is not set forth with sufficient certainty, so that the court can judge whether the cutting &c. be waste, and because the allegations are not sufficiently substantiated by affidavit, the certificate of the clerk being only that the bill "was sworn to" in open court.

R. S. Coxe, for defendant.

1st. There is no equity in the bill. The only fact alleged, is the cutting and selling some small wood. Waste is technical. The cutting must be of timber. The bill does not charge the cutting of timber; but only "young and green wood." The plaintiff made his bargain without requiring security, and this court cannot make a bargain for him. There is no allegation that the rent has not been punctually paid. The defendant is not bound to answer any interrogatory not founded on some allegation in the bill. This court cannot compel the defendant to give security which he has not stipulated to give. No relief can be granted upon the discovery asked for.

2d. If the defendant has committed waste, the estate is forfeited; and the defendant cannot be compelled to answer to that which might subject him to a forfeiture or penalty (U. S. v. Saline Bank of Virginia, 1 Pet. [26 U. S.] 100), unless the plaintiff expressly waive the forfeiture (Botelor v. Allington, 3 Atk. 457).

3d. The defendant, under a lease for 99 years, renewable forever, with leave to purchase the reversion at a certain price, is not impeachable for waste. He has a right to continue the estate forever, and to prevent the plaintiff from ever enjoying the reversion. The cutting, therefore, cannot injure the reversion.

Mr. Redin, contra.

There is a sufficient averment of waste. The cutting of young and green wood for sale is waste, when the wood constitutes the principal value of the estate. Downshire v. Sandys, 6 Ves. 108. There the injunction was to prevent cutting of "saplings not proper to be felled." And in Strathmore v. Bowes, 2 Brown, Ch. 89, the injunction was extended to "young saplings and trees not fit to be cut." Like injunctions were likewise granted in Chamberlyne v. Dummer, 1 Brown, Ch. 166, and in Obrien v. Obrien [Amb. 107, 108], there cited. Underwood cut at unseasonable times, or destroying the germs, is also waste. Co. Litt. 53a; Burges v. Lamb, 16 Ves. 175; Jackson v. Brownson, 7 Johns. 231. Cutting wood for sale is also waste. Co. Litt. 53b; Gower v. Eyre, Coop. t. Eld. 156; Attorney-General v. Lord Stawell, Anst. 601; 2 Hayw. (N. C.) 110, 339. It is waste to cut lightwood to make tar in North Carolina. This tenant is impeachable for waste. The reversion is in the plaintiff, and he has sufficient interest in it to authorize him to prevent waste. The relation of landlord and tenant still continues between the plaintiff and the defendant, notwithstanding the covenant to renew at the end of ninety-nine years, forever. By the common law the tenant must not commit waste. That law is in force here. The case of Calvert v. Gason, 2 Schoales & L. 560, was adjudged upon the custom of the place; and the chancellor (Redesdale) states the English law to be otherwise. The doctrine upon which that case was decided, namely, that tenant for life renewable forever, is not impeachable for waste, is peculiar to Ireland. Eden, Inj. 175. Even in case of vendor and vendee, upon an executory contract, the vendee will be restrained from waste until the purchase-mon-

ey be paid. So in the case of mortgagor and mortgagee. The whole estate, wood as well as land, is bound for the debt. Eden, Inj. 116. It was not necessary to set forth the number, kind, and size of the trees cut. The affidavit goes to all the facts charged in the bill, and is sufficient foundation for the injunction. Eden, Inj. 324. The forfeiture is waived by the plaintiff's bringing this bill; and if he should proceed at law for the forfeiture, or for the penalty, this court would restrain him by injunction; and it could do no more if the plaintiff had, by his bill, expressly waived the penalty. An implied waiver is sufficient. Wools v. Walley, Anstr. 100. A waiver in equity is no bar at law; it is only a ground for injunction. The want of a waiver is no ground of demurrer. The defendant is bound to answer; and may restrain the plaintiff by injunction from proceeding at law for the forfeiture. Eden, Inj. 329; and Dodge v. Dickins, in this court [unreported].

Mr. Jones, on the same side. It is true this bill is not ancillary to a suit at law. It is a case for the original jurisdiction of this court as a court of equity. It is to prevent irreparable injury, and goes for ultimate relief. Cutting wood for sale is waste. The property itself is the security of the lessor, whether he be considered as lessor, or as vendor, and the tenant or vendee has no right to diminish it. If the plaintiff has been deceived as to the pecuniary ability of the vendee to pay, or if the security should turn out bad, a court of equity will restrain waste. The demurrer is to the discovery only, because there is no express waiver of the forfeiture; but that is not a demurrer to the relief, which the facts if discovered or proved would authorize.

Mr. Coxe, in reply. If the principal or only value of the land is in its wood, it is not waste to cut and sell wood. How else is he to pay his rent? It is not waste to cut wood. Jackson v. Brownson, 7 Johns. 231. No specific act of waste is stated in the bill. It is not stated to be "not of a growth fit to be cut;" "nor saplings not proper to be felled;" nor "young timber;" nor "immature timber," as in the cases cited. Timber must be such as is fit for building. The case in Schoales & L. was not decided upon a local custom; but it was said that tenancies of that kind, namely, for life renewable forever, were peculiar to Ireland; but the same construction would be given to the same kind of estate in England. The chancellor speaks of "the local nature of that tenure." Hyde v. Skinner, 2 P. Wms. 196; 2 Cox, Ch. 174. In this country such leases are not discouraged. The relation of vendor and vendee does exist in this case. It is optional with the defendant. Here is no complaint of irreparable injury. The defendant had a right to sell wood to raise the purchase-mon-ey. The defendant must demur to such part of the bill as he thinks himself not bound to answer; he cannot avail himself of the objection upon exception. If he submits to answer, he must answer fully.

[Before CRANCH, Chief Judge, and MORSELL, Circuit Judge.]

CRANCH, Chief Judge, delivered the opinion of the court (THRUSTON, Circuit Judge, not sitting).

The first demurrer is to the whole bill, both as to discovery and relief. Upon that demurrer the question is, whether the bill states a case proper for the intervention of a court of equity. It is admitted that a court of equity has jurisdiction to stay waste. Does the present bill aver waste? Waste is an act done to the injury of the inheritance: Is the cutting and selling of young and green wood such an act?

The bill calls it waste; and avers that the plaintiff is in imminent danger of great loss by reason of such waste; and that the principal value of the farm consists in the wood. These averments, taken together, seem to me to amount to an allegation that the cutting and selling of such young and green wood was an injury to the inheritance; and was, therefore, such waste as it would be proper in a court of equity to restrain. But it is said that in such a lease, renewable forever, and with a right to purchase the reversion, the relation of landlord and tenant does not exist, inasmuch as it is in the power of the defendant to prevent the plaintiff and his heirs from ever enjoying the reversion. But, until the defendant has actually purchased the reversion, it remains in the plaintiff, and the relation of landlord and tenant still subsists in full force. The plaintiff, therefore, is he entitled to relief. Is he also entitled to a discovery of the waste? It is said that a court of equity will not compel a discovery of that which might subject the defendant to a forfeiture; and that the plaintiff may, in an action of waste, under the statute of Gloucester, have a judgment of forfeiture of the estate against the defendant, and treble damages. That the plaintiff has not waived nor offered to waive that forfeiture, and therefore a court of equity will not compel the defendant to discover the waste. The statute of Gloucester (6 Ed. I. c. 5), which gives the forfeiture of the thing wasted, and treble damages, is believed to have been "by experience found applicable to the local and other circumstances of the inhabitants of Maryland," and to have been adopted by the constitution and bill of rights of that state, and consequently to have become the law of this part of the district, by virtue of the act of congress of the 27th of February, 1801 (1 Stat. 103). That statute is stated, in Chancellor Kilty's report to the legislature of Maryland (page 211), to have

been extended, in practice, to that state. I am, therefore, of opinion that, if the defendant has committed waste, he is liable to the forfeiture of the thing wasted, and the treble damages.

The plaintiff has not, in his bill, expressly waived the forfeiture or the penalty. Is the defendant, then, bound to answer to the allegation of waste? Upon this point the case of Boteler v. Allington, 3 Atk. 457, was cited by the counsel of the defendant; in which case Lord Chancellor Hardwicke says: "There are two matters in question; one upon the demurrer as to the discovery of the acceptance of the second living; and as to that, I am of opinion that the plaintiff had a right to demur; not because it is of consequence to the plaintiff, for the fact of which he seeks a discovery may very easily be ascertained by the bishop's register, but for the sake of a rule of the court, that a defendant is not obliged, by a discovery, to subject himself to a forfeiture, or any thing in the nature of a forfeiture; and therefore in all bills to stay waste, a plaintiff is not entitled to a discovery, unless he waives the penalty, which is treble damages by the statute of Gloucester." See, also, Mitf. Eq. Pl. (3d Ed.) pp. 157, 158, 161, and Coop. Eq. Pl. 205, 207. To this it is answered, that the forfeiture is in fact waived by the bringing of this bill. That the offer to waive would have been no bar at law to the action for the treble damages. That it would only have been a ground for an injunction to restrain the plaintiff from enforcing the penalty; and that the filing of this bill is equally a ground for an injunction; and that the defendant is now quite as safe against the penalty as he would have been if the plaintiff had expressly offered to waive it. In support of this position, the counsel for the plaintiff cited the case of Wools v. Walley, Anstr. 100, where, upon a bill for the single value of tithes, it was holden that it was not necessary for the plaintiff expressly to waive the treble value. I have not read that case, (not having the book,) but, as I understood it when read at the bar, the question did not arise upon demurrer to the discovery, but upon exception to the answer of the defendant, who had omitted to make the discovery sought by the bill, relying upon the general rule, that he was not bound to discover that which would subject him to a penalty. The court, however, adjudged the answer to be insufficient, and compelled the discovery. This decision might have been upon the principle, at that time generally admitted, that if a defendant answer at all he must answer fully. There has been no case cited in which a demurrer, to the discovery of matter leading to a legal forfeiture or penalty, has been overruled, unless the plaintiff expressly waive that forfeiture or penalty. I am, therefore, of opinion that the defendant in this case is not bound to answer the allegation of waste.